UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION<br><br>This Document Relates To:<br>ALL CASES | Misc. Action No. 06-0507 (ESH)<br>MDL Docket No. 1792 |

## INITIAL PRACTICE & PROCEDURE ORDER

This order shall, unless superseded by subsequent orders, govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its orders of October 25, 2006 and November 2, 2006, as well as any related or "tag-along" actions originally filed in this Court or transferred or removed to this Court. As of this date, those actions are:

    No. 1:06-cv-0528, *Davis v. InPhonic, Inc.*
    No. 1:06-cv-0951, *Yu, et al. v. InPhonic, Inc.*
    No. 1:06-cv-1266, *Salzman v. InPhonic, Inc., et al.*
    No. 1:06-cv-1577, *Heller v. InPhonic, Inc.*
    No. 1:06-cv-1647, *Workman v. InPhonic, Inc.*
    No. 1:06-cv-2017, *Cover v. Continental Promotion Group, Inc., et al.* (transferred from D. Ariz.)
    No. 1:06-cv-2018, *Pevnick v. Continental Promotion Group, Inc.* (transferred from D. Ariz.)
    No. 1:06-cv-2019, *Roquemore v. Continental Promotion Group, Inc., et al.* (transferred from D. Ariz.)
    No. 1:06-cv-2020, *Morales v. Continental Promotion Group, Inc., et al.* (transferred from D. Ariz.)
    No. 1:06-cv-2021, *Feldman v. Continental Promotion Group, Inc., et al.* (transferred from D. Ariz.)
    No. 1:06-cv-2022, *Friedrich, et al. v. InPhonic, Inc., et al.* (transferred from C.D. Cal.)
    No. 1:06-cv-2023, *Sutherland v. InPhonic, Inc., et al.* (transferred from N.D. Ill.)
    No. 1:06-cv-2024, *Rock v. InPhonic, Inc.* (transferred from D.N.J.)

It is this 8th day of December, 2006, hereby **ORDERED** that

1.  All such actions (hereinafter "these actions") – including actions filed, transferred, or removed subsequent to the issuance of this order – shall be consolidated for pretrial purposes. Any party that objects to such consolidation or to any other provision of this order must raise that objection at the Initial Scheduling and Case Management Conference (to be set by this order) or, if the case is consolidated herewith following that conference, such party must raise the objection by a motion for relief from this order within ten (10) days of either counsel's first appearance herein or the entry of a consolidation order in such case, whichever is earlier.

2.  The Clerk of Court shall maintain a Master Docket and electronic case file under the caption "*In re InPhonic, Inc. Wireless Phone Rebate Litigation*" and the case number 1:06-mc-0507 (ESH). All pleadings, motions, or other papers relating to these actions ***shall be filed in the Master Docket only***, unless otherwise directed by the Court. Every such pleading, motion, or paper shall bear the following caption:

| | |
|---|---|
| **IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION** | **Misc. Action No. 06-0507 (ESH)** <br> **MDL Docket No. 1792** |
| **This Document Relates To:** | |

When the document being filed pertains to all cases, the phrase "**ALL CASES**" shall appear immediately below the phrase "This Document Relates To." When the document pertains to fewer than all cases, the document shall list each case to which the document relates on a separate line below the phrase "This Document Relates To," including the individual civil action number assigned by the Clerk of ***this Court***, (e.g., "*Cover v. Continental Promotion Group, Inc.,*

*et al.*, No. 1:06-cv-2017").

3.	Any paper that is to be filed in any of these actions shall be filed in this Court and not with the transferor district court.

4.	All papers shall be filed by electronic means, via the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in) Local Civil Rule 5.4.  Counsel who are not already registered for CM/ECF access shall promptly obtain a CM/ECF password from the Clerk of the Court, per the requirements of Local Civil Rule 5.4(b).  Additional information about the CM/ECF system and obtaining a CM/ECF password is available on the Court's web site, www.dcd.uscourts.gov.  As provided by Local Civil Rule 5.4(d), electronic filing of any document operates to effect service of the document on all parties whose counsel have obtained CM/ECF passwords.  Counsel who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in Rule 5(b) of the Federal Rules of Civil Procedure.

5.	*No more than one attorney for each party* may enter an appearance on the Master Docket.  If more than one attorney for a party currently is designated on the Master Docket as an "attorney to be noticed," the party shall provide the Clerk of the Court with the name of one counsel to be the attorney of record, and the Clerk shall remove all other listed attorneys for that party from the Master Docket.  If no counsel for a party currently is designated on the Master Docket as an "attorney to be noticed," only one counsel per party shall become so designated.  At the Initial Scheduling and Case Management Conference, the parties shall present to the Court a list showing the attorney to be noticed for each party and indicating whether the attorney may be served via the CM/ECF system as of the date of the conference.

6. Any paper filed herein that is substantially identical to any other paper filed herein shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall, if practicable, join in the submission of such papers and shall file only one paper on behalf of all parties so joined.

7. All motions heretofore filed and docketed in any of the individual actions shall be administratively terminated, without prejudice to refiling, if appropriate, in the Master Docket.

8. Defendants shall file a Notice of Related Case in the Master Docket whenever a case is filed in this Court that defendants believe should be consolidated into this action, unless the action already has been assigned to the undersigned judge.

9. The terms of this order shall not have the effect of making any person, corporation, or entity a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Rules of Civil Procedure.

10. Defendants' obligations to answer or otherwise respond to the initial complaints filed in these actions shall remain stayed pending the Initial Scheduling and Case Management Conference and further order of the Court.

11. All discovery proceedings in these actions are stayed until further order of the Court, and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until such time as a discovery schedule is established by order of the Court.

12. Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

13. Counsel shall familiarize themselves with the Local Civil Rules of this Court, which are available on the Court's web site, www.dcd.uscourts.gov. Except as provided herein to the contrary, the parties shall comply with all such rules. The parties are directed especially to the requirements of Local Civil Rule 5.1(b), regarding written correspondence with the Court (which shall be by motion, opposition, and reply, rather than letter); Local Civil Rule 7(m), regarding the duty of counsel to confer in advance of filing nondispositive motions (including those for enlargements of time); and Local Civil Rule 7(c), regarding the submission of proposed orders with all motions and oppositions.

14. The requirements of Local Civil Rule 23.1(b) are waived. Any motion(s) for class certification or appointment of class counsel shall be filed pursuant to further order of the Court.

15. Hearings shall not be held on any motions, except by order of the Court upon such notice as the Court may direct.

16. The Court will be guided by the *Manual for Complex Litigation 4th*, approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

17. No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Local Civil Rule 83.2 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States District Court.

18. All other matters will be discussed at the Initial Scheduling and Case Management Conference, which is hereby set for ***January 26, 2007, at 11:00 a.m. in Courtroom 14***. Counsel who attend must be sufficiently familiar with the case to answer any questions that arise; parties

are welcome to attend.[1]

19. In lieu of complying with the specific requirements of Local Civil Rule 16.3, counsel shall – at the initiation of counsel for defendant InPhonic, Inc., and by not later than January 12, 2007 – meet, confer, and seek consensus regarding a proposed Scheduling Order and Case Management Plan that will facilitate the just, speedy, and inexpensive determination of all pretrial matters. Counsel shall discuss all matters that are likely to be addressed at the Initial Scheduling and Case Management Conference, including (but not limited to) the following:

    a.    Whether there is a realistic possibility of settling the case without judicial action.

    b.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of ADR, such as referral to a magistrate judge for purposes of facilitating settlement discussions. In assessing the above, counsel shall consider:

        (i)    the client's goals in bringing or defending the litigation;

        (ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement;

        (iii)    the point during the litigation when ADR would be most appropriate, with special consideration given to:

            (aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

            (bb)    whether ADR should take place before or after the judicial

---

[1] If necessary, and with consent of the Court, counsel who reside outside of the metropolitan Washington, D.C., area may participate in the conference telephonically, provided that all counsel who wish to do so jointly make arrangements for a dial-in telephone conferencing service (i.e., a single telephone number that can be used to connect all telephonic participants). In the event that any counsel wish to participate telephonically, a designee of all such counsel shall contact chambers of the undersigned judge no later than two business days in advance of the conference to provide a telephone number and, if necessary, a participant access code for the telephone conferencing service. All telephonic participants shall be online by not later than 10:55 a.m. on the date of the conference.

        resolution of key legal issues;

    (iv)    whether the parties would benefit from a neutral evaluation of the case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

    (v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pretrial proceedings while an ADR process is pending.

c.    Appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof; dates for filing Rule 23 motions and oppositions and replies thereto; possible dates for oral argument and/or an evidentiary hearing on the motions; whether the Court should designate interim counsel to act on behalf of the putative class or classes; and, in the event one or more classes is certified, procedures for considering appointment of class counsel.

d.    The possibility of filing a consolidated amended complaint and the timing thereof, or, at a minimum, if that is not possible, the possibility of consolidating the five actions transferred from the U.S. District Court for the District of Arizona into a single action with one complaint that names all individual plaintiffs and defendants and dismissing the five pending actions.

e.    The date by which any other parties shall be joined or the pleadings amended.

f.    Dates for defendants to file responsive pleadings (consolidated or otherwise) and/or Rule 12 motions.

g.    Whether some or all of the factual or legal issues can be agreed upon or narrowed.

h.    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and, if not, what if any changes should be made in the scope, form or timing of those disclosures.

i.    Whether discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

j.    The anticipated extent of discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.

k.  Whether a master should be appointed pursuant to Federal Rule of Civil Procedure 53 to oversee discovery and to resolve discovery disputes.

l.  Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. *See* Fed. R. Civ. P. 26(f)(3), as amended effective December 1, 2006.

m.  Any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the Court to include their agreement in an order. *See* Fed. R. Civ. P. 26(f)(4), as amended effective December 1, 2006.

n.  Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure should be modified, and whether and when depositions of experts, if any, should occur.

o.  Whether parties are likely to file dispositive motions and, if so, dates for filing such motions and/or cross-motions, oppositions, and replies.

p.  Such other matters that the parties believe may be appropriate for inclusion in the Scheduling Order and Case Management Plan.

q.  Suggestions for additional items to be included on the agenda for the Initial Scheduling and Case Management Conference.

By not later than January 19, 2007, the attorneys of record shall jointly submit to the Court a written report that outlines the proposed Case Management Plan, including a succinct statement of all agreements reached with respect to any of the above issues, a description of the positions of each party on any matters as to which they disagree, and a proposed Scheduling Order.

20.  At the Initial Scheduling and Case Management Conference, counsel for plaintiffs shall be prepared to designate an appropriate and limited number of liaison counsel, subject to the approval of the Court. Liaison counsel shall be authorized to represent all parties within their liaison group solely for purposes of (1) conferring on nondispositive motions and (2) appearing at future conferences and hearings before the Court. Liaison counsel shall also be authorized to

receive orders and notices from the Court and from the Judicial Panel on Multidistrict Litigation on behalf of all parties within their liaison group and shall be responsible for preparing and transmitting copies of such orders and notices to the parties in their liaison group. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request.

21. Copies of this Initial Practice & Procedure Order will be sent, via either the CM/ECF system or first-class mail, to each attorney designated as an "attorney to be noticed" in the court in which the initial complaint was filed in any of the cases identified on the first page of this order. Following the Initial Scheduling and Case Management Conference, orders and notices from the Court will be sent to one attorney of record for each party only pursuant to paragraph 5 of this order. Further, once liaison counsel have been designated for plaintiffs, orders and notices from the Court will not be sent by means other than the CM/ECF system to plaintiffs' counsel other than liaison counsel.

**SO ORDERED**.

                                        /s/
                            ELLEN SEGAL HUVELLE
                            United States District Judge

Date: December 8, 2006

Copies to:

John Anthony Peca
Keith T. Vernon
CLIMACO, LEFKOWITZ, PECA,
WILCOX & GAROFOLI CO., LPA
888 16th Street, NW
Suite 800
Washington, DC 20006
japeca@climacolaw.com
ktvern@climacolaw.com

John R. Climaco
CLIMACO, LEFKOWITZ, PECA,
WILCOX & GAROFOLI CO., LPA
1220 Huron Road
Suite 1000
Cleveland, OH 44115

David P. Meyer
Patrick G. Warner
DAVID P. MEYER & ASSOCIATES
CO., L.P.A.
401 North Front Street
Suite 350
Columbus, OH 43215

Attorneys for Plaintiff Edwin Davis

Steven N. Berk
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
stevenb@cuneolaw.com

Attorney for Plaintiffs Hongyi Yu
and Barbara McGivney

William F. Mahoney
Scott Wesley Henry
Scott Jason Vold
Steven Alan Hart
SEGAL, MCCAMBRIDGE, SINGER
& MAHONEY, LTD
330 North Wabash Avenue
Suite 200
Chicago, IL 60611
wmahoney@smsm.com
shenry@smsm.com
svold@smsm.com
shart@smsm.com

Attorneys for Plaintiff Ryan Sutherland

Khalid A. El Hassan
EICHEN, LEVINSON &
CURTCHLOW L.L.P.
40 Ethel Road
Edison, NJ 08817

Barry R. Eichen
EICHEN LEVINSON LLP
40 Ethel Road
Edison, NJ 08817
beichen@eichenlevinson.com

Attorneys for Plaintiff Paul Rock

Stephen Michael Garcia
THE GARCIA LAW FIRM
1 World Trade Center
Suite 1950
Long Beach, CA 90831
dmedby@lawgarcia.com

Attorney for Plaintiffs Walter Cover,
Luis Morales and Joshua Pevnick

Bruce L. Simon
COTCHETT PITRE SIMON &
MCCARTHY
840 Malcolm Road
Suite 200
Burlingame, CA 94010
bsimon@cpsmlaw.com

Attorney for Plaintiffs Luis Morales
and Shelly Salzman

Steven A. Hart
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
330 N. Wabash Avenue
Suite 200
Chicago, IL 60611
shart@smsm.com

Attorney for Plaintiff Joshua Pevnick

Patrick J. McGroder
GALLAGHER & KENNEDY PA
2575 E. Camelback Road
Suite 1100
Phoenix, AZ 85016-9225
pjm@gknet.com

Attorney for Plaintiff Melinda Roquemore

Larry Jay Crown
JENNINGS HAUG & CUNNINGHAM LLP
2800 N. Central Avenue
Suite 1800
Phoenix, AZ 85004-1049

Attorney for Plaintiff Jonathan Feldman

Clifford H. Pearson
Daniel L. Warshaw
Gary S. Soter
PEARSON SOTER WARSHAW and PENNY
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
cpearson@pswplaw.com
dwarshaw@pswplaw.com
gsoter@pswplaw.com

Attorneys for Plaintiffs Barry R. Friedrich and Mandy Friedrich

Mark P. Friedlander, Jr.
FRIEDLANDER, FRIEDLANDER &
EARMAN, P.C.
1364 Beverly Road, Suite 201
McLean, VA 22101
mpfriedlander@mcihispeed.net

Attorney for Plaintiff Shelly Salzman

Gary E. Mason
THE MASON LAW FIRM, P.C.
1225 19th Street, NW
Suite 500
Washington, DC 20036
gmason@masonlawdc.com

Attorney for Plaintiff Stanley J. Heller

Eric A. Eisen
EISEN & SHAPIRO
10028 Woodhill Road
Bethesda, MD 20817-1218
eric@eisenlaw.org

Attorney for Plaintiff Iona Workman

Mitchell R. Berger
Christopher William Hellmich
Ugo A. Colella
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
mberger@pattonboggs.com
chellmich@pattonboggs.com
ucolella@pattonboggs.com

Christopher M. DiMuro
PATTON BOGGS LLP
One Riverfront Plaza, 6th Floor
Newark, NJ 07102
cdimuro@pattonboggs.com

Ryan J. Talamante
GLOVER & VAN COTT PA
2025 N. 3rd Street
Suite 260
Phoenix, AZ 85004
gvc.law@glovervancott.com

Eric A. Gressler
Mark E. Beck
BECK DE CORSO DALY KREINDLER
& HARRIS
601 W 5th Street, 12th Floor
Los Angeles, CA 90071-2025
egressler@beckdecorso.com
mbeck@beckdecorso.com

Gary L. Prior
Jason James Green
TABET DIVITO & ROTHSTEIN LLC
The Rookery Building
209 South LaSalle Street
Seventh Floor
Chicago, IL 60604
gprior@tdrlawfirm.com
jgreen@tdrlawfirm.com

Attorneys for Defendant InPhonic, Inc.

David C. Jacobson
John I. Grossbart
Katharine Elizabeth Mellon
Veronica M. Lei
SONNENSCHEIN NATH &
ROSENTHAL, LLP
7800 Sears Tower
232 South Wacker Drive
Chicago, IL 60606
djacobson@sonnenschein.com
jgrossbart@sonnenschein.com
kstanton@sonnenschein.com
vlei@sonnenschein.com

Scott Jeremy Stein
SONNENSCHEIN NATH &
ROSENTHAL LLP
2398 E. Camelback Road
Suite 1060
Phoenix, AZ 85016
sstein@sonnenschein.com

Attorneys for Defendant Continental
Promotion Group, Inc.