UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION | : : : |
| | : |
| This Document Relates To: ALL CASES | : : : |

Misc. Action No. 06-0507 (ESH)
MDL Docket No. 1792

## STIPULATED PROTECTIVE ORDER

Upon the stipulations of the parties, through their respective counsel, along with a showing of good cause,

IT IS HEREBY ORDERED that the following provisions shall govern the production and handling of information exchanged by the parties throughout this litigation. None of the provisions of this Protective Order shall be read to expand or otherwise modify the scope or content of discovery that this Court orders the parties to undertake in this litigation.

1.    INFORMATION SUBJECT TO PROTECTION.

1.1    This Protective Order shall govern the production of all documents, interrogatory answers, answers to requests for admissions, deposition and hearing testimony, other discovery material, or portions thereof, produced or provided by any party during discovery or otherwise ("Discovery Material").

1.2    As used herein, "document" shall mean any written, printed, typed, recorded or graphic material or means to access such material (*e.g.*, through word processing), however produced or reproduced, of any kind or description, including all materials that fall within the scope of Rule 34 of the Federal Rules of Civil Procedure.

1.3    As used herein, "Confidential Information" shall mean any Discovery Material that constitutes or contains: (i) trade secrets; (ii) financial information or data of any party; (iii) know how; (iv) proprietary data; (v) confidential research, development or commercial information, including without limitation technical, sales, marketing, employee, business, financial, privacy and other proprietary information, as well as other information protected by law from dissemination; or (vi) material that is otherwise confidential because its disclosure could be harmful to a party, its subsidiaries, affiliates, representatives or those in a business relationship with the party.  In particular, documents that contain the following types of information may be designated as Confidential Information:  trade secrets; proprietary information technology or customer information; non-public regulatory information and actions; non-public and current financial performance and projections, budgets, sales information, marketing and promotional plans, and/or business strategies; personal financial information including individual tax returns, credit card numbers, bank account numbers,  and social security numbers.  Confidential Information shall not include any information that, prior to disclosure thereof, was public knowledge, or which, after disclosure thereof, becomes public knowledge as a result of publication by one having the unrestricted right to do so.  Information is not Confidential Information if it is not maintained by the Producing Party in a manner to guard and protect its confidentiality, or if it is distributed to consumers or others with whom the Producing Party does not have an agreement that ensures the confidentiality of the information.

1.4    If any party believes that information or things not described in section 1.1 should be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (as described below), it may make application to the court.  Such application shall only be granted for reasons shown and for extraordinary grounds.

2    DESIGNATION OF CONFIDENTIAL INFORMATION.

2.1    General Requirements.    All designations of Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (as described below) shall be made in good faith by the party producing the information (the "Producing Party") and shall be made at the time of disclosure, production, or tender to the requesting party (the "Receiving Party") or at such other time as permitted by the Protective Order.    Designations of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall constitute a representation that (i) such information has been reviewed by an attorney for the Producing Party; (ii) there is a valid and good faith basis for asserting that it contains Confidential Information; and (iii) disclosure of such information to persons other than those permitted access to such information hereunder would cause injury to the Producing Party, would be detrimental to the conduct of the Producing Party's business, or would otherwise subject the Producing Party to potential liability for disclosure of the information.

2.2    Documents and Discovery Responses.    To designate a discovery response or document as "CONFIDENTIAL" at the time the discovery response or document is produced, the Producing Party shall mark the first page of such discovery response or document with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."    With regard to electronic data produced, all such data shall be deemed to be marked "CONFIDENTIAL" and should only be treated otherwise if the Producing Party has in writing indicated that the information (i) is "HIGHLY CONFIDENTIAL;" or (ii) is not (or does not contain) Confidential Information. All documents, information, and things made available for inspection by a Party shall be treated as "CONFIDENTIAL."

2.3    <u>Depositions and Hearings</u>.   To designate portions of a deposition or hearing transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," a party shall either make a statement to that effect on the record at the deposition or hearing or by notifying Plaintiffs' Co-Lead and Liaison Counsel and all counsel of record for other parties, in writing, of those portions of the transcript to be designated within thirty (30) calendar days after the Producing Party's receipt of such transcript.   Transcripts will be treated as "CONFIDENTIAL" for the 30-day period.

2.4    <u>Confidentiality of Derivative Materials</u>.   No copies, extracts, abstracts or summaries of any discovery responses, electronic data, documents or transcripts designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made except by or on behalf of persons authorized access to Discovery Material pursuant to sections 4.2 and 4.3, respectively. Any copies, extracts, abstracts or summaries shall also be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the discovery responses, documents or transcripts from which they were derived.

2.5    <u>Inadvertent Failures to Designate</u>. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.   Upon notice, the parties must treat the information as Confidential Information in accordance with the provisions of this Protective Order.

3.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

3.1    <u>Meet and Confer</u>.    If a Receiving Party objects to the designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party shall first make a good-faith effort to resolve such a dispute by conferring directly with the Producing Party's counsel (in voice-to-voice dialogue; other forms of communication are not

sufficient). In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated information or things, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may challenge the designation under section 3.2 only after (i) it has met its obligations under this section; or (ii) despite its good-faith effort to meet its obligations under this section, the Producing Party has failed to explain the basis for the chosen designation within two (2) weeks after being provided the opportunity to do so.

3.2    Judicial Intervention. A Party that elects to challenge a confidentiality designation after considering the justification offered by the Producing Party may file and serve, under LCvR 7, a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of proof in any such challenge proceeding shall be on the Producing Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection designated by the Producing Party.

4.    ACCESS TO AND USE OF PROTECTED MATERIAL.

4.1    Prohibitions on Disclosure. Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be disclosed to anyone except as provided in this Protective Order, and in no event may such Discovery Material be used for any business, commercial, or competitive purposes or for any purposes other than this litigation. All Confidential Information shall be used solely for the purposes of preparation for litigation of the actions consolidated for pretrial purposes under the caption *In re InPhonic, Inc., Wireless Phone*

5

*Rebate Litigation*, Misc. Action No. 06-0507 (ESH), MDL Docket No. 1792 (D.C. District Court), including specifically, but not exclusively, pre-trial discovery pursuant to the Federal Rules of Civil Procedure or other applicable rules, litigation of this action and preparation for, participation in, and prosecution and defense of any appeal, rehearing, review or other judicial proceeding that relates to the subject matter of the trial and preparation for the trial in this action. Absent further order of this Court, Confidential Information shall not be disclosed in any matter, controversy, mediation, arbitration or litigation now pending or later filed other than this action.

  4.2 <u>Disclosure of "CONFIDENTIAL" Discovery Material</u>.  Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a) outside counsel of record for the parties, as well as members or employees of said counsel's law firms to the extent necessary for the conduct of this action;

    (b) in-house counsel engaged by the parties to the extent necessary for the conduct of this action;

    (c) duplicating services and litigation support services of a nature routinely engaged by counsel;

    (d) the parties and their present and former officers, directors, employees, representatives, and insurers to the extent necessary for the conduct of this action;

    (e) experts, consultants and other third parties who are consulted, employed, or retained by any of the parties or their counsel to assist counsel in this litigation;

    (f) actual or potential witnesses (whether third-party witnesses or employees of a party) who counsel reasonably believes have already seen or know the Confidential

Information, or who are reasonably believed to have knowledge relevant to the Confidential Information, for purposes of taking or preparing for a deposition or trial testimony;

(g)    the Court, court personnel and court reporters in the conduct of their official duties;

(h)    any third party mediator(s) appointed by the Court or jointly selected by the parties to assist in a possible resolution of this action; and

(i)    any other person upon written agreement of the Parties.

Prior to disclosure of "CONFIDENTIAL" Discovery Material to any independent person described under sub-paragraphs d, e, f, and i of the foregoing paragraph, counsel for the Receiving Party shall obtain an executed declaration of confidentiality in the form attached hereto as Exhibit A that the person(s) to whom the disclosure will be made has read this Protective Order and agrees to be bound by its terms. A copy of all executed declarations of confidentiality shall be retained by counsel for the Receiving Party, who shall upon order of the Court or otherwise for good cause shown be required to produce any such declaration.

4.3    Disclosure of "HIGHLY CONFIDENTIAL" Discovery Material.    Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)    outside counsel of record for the parties, as well as members or employees of said counsel's law firms to the extent necessary for the conduct of this action;

(b)    duplicating services and litigation support services of a nature routinely engaged by counsel;

(c)    authors and recipients (including those copied) of the information or item;

(d)    the Court, court personnel and court reporters in the conduct of their official duties; and

(e)    any third party mediator(s) appointed by the Court or jointly selected by the parties to assist in a possible resolution of this action; and

(f)    any other person upon written agreement of the Parties.

Prior to disclosure of "HIGHLY CONFIDENTIAL" Discovery Material to any independent person described under sub-paragraphs c and f of the foregoing paragraph, counsel for the Receiving Party shall obtain an executed declaration of confidentiality in the form attached hereto as Exhibit A that the person(s) to whom the disclosure will be made has read this Protective Order and agrees to be bound by its terms. A copy of all executed declarations of confidentiality shall be retained by counsel for the Receiving Party, who shall upon order of the Court or otherwise for good cause shown be required to produce any such declaration.

4.4    Use of "HIGHLY CONFIDENTIAL" Confidential Information at Depositions. If counsel for a party uses or conducts examination eliciting "HIGHLY CONFIDENTIAL" Confidential Information during a deposition, counsel shall first ensure that all persons present at the deposition may have access to such information pursuant to section 4.3 above. During examination using or eliciting "HIGHLY CONFIDENTIAL" Confidential Information, the Producing Party may exclude from the deposition any persons who are not permitted access to such information pursuant to section 4.3 above.

5.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the

Producing Party's counsel of record in writing (by fax or e-mail, if possible) immediately after receiving the subpoena or order so as to afford the Producing Party a reasonable opportunity to seek a protective order or other suitable protection. Such notification must include a copy of the subpoena or court order. The Producing Party shall bear the burden and the expense of seeking a protective order or other suitable protection of its Confidential Information.

The Receiving Party also must immediately inform in writing the party that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena or other compulsory process. In the event that any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is produced pursuant to a lawful subpoena or compulsory process, such information shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by all persons subject to this Protective Order unless and until the Court orders otherwise.

6.    UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures

were made of all of the terms of this Protective Order, and (d) request such person or persons to

execute a declaration of confidentiality in the form attached hereto as Exhibit A.

       7.     FILING CONFIDENTIAL INFORMATION.

       Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be

referred to or incorporated in briefs, affidavits, or other documents filed with this Court, but only

to the extent reasonably necessary for the litigation of this action and provided that the filing

party complies with LCvR 5.1(j), including by filing such information under seal accompanied

by a motion to seal.

       8.     FINAL DISPOSITION.

       Upon final termination of this litigation, including all appeals, all material designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," including all copies, extracts, abstracts or

summaries of such material, shall at the option of the Receiving Party be either destroyed or

returned to the Producing Party not later than sixty (60) calendar days after the ultimate

disposition of this case. The Receiving Party shall then provide an affidavit affirming that (i) at

all times the party has abided by the terms of this Protective Order; and (ii) all Confidential

Information in the Receiving Party's custody or control has been retrieved and destroyed or

returned to the Producing Party. Notwithstanding this provision, counsel are entitled to retain an

archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

attorney work product, even if such materials contain Confidential Information. Any such

archival copies that contain or constitute Confidential Information remain subject to this

Protective Order.

9.    MISCELLANEOUS.

9.1    No Waiver.  Disclosure of any information pursuant to the terms of this Protective Order shall not be deemed a waiver of any claim of confidentiality that the Producing Party would otherwise be entitled to invoke against a person or entity not a party to this action. Further, neither failure to designate a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," nor failure to object to any designation under this Protective Order shall be deemed a waiver of, or evidence regarding, whether a document is or is not confidential.

9.2    Right to Further Relief.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.  Nothing contained in this Protective Order shall preclude the Producing Party from seeking and obtaining, upon an appropriate showing, additional protection with respect to the confidentiality of Discovery Material.

9.3    Party's Use of Its Own Information.  Nothing in this Protective Order shall limit the Producing Party's use of its own information.

9.4    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  No Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.5    This Protective Order shall bind, and shall inure to the benefit of, any parent, subsidiary, successor, or other corporate affiliate of a party to this action or a third party.

9.6    Prior to its entry by the Court, this Stipulated Protective Order shall have full force and effect as an agreement between the Parties, with each Party entitled to apply to the Court for relief (including prospective and injunctive relief) for its actual or threatened violation.

11

This Protective Order shall survive the final conclusion of the litigation and shall continue in full force and effect, with the Court retaining jurisdiction to enforce its terms.

    9.7    <u>Third Parties</u>.  A third party producing Confidential Information in this action may produce such information as a Producing Party pursuant to the terms of this Protective Order.

    **SO ORDERED**.

Date: _____ 8/14/07

ELLEN SEGAL HUVELLE
United States District Judge

12