A CERTIFIED TRUE COPY

FEB 14 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 29 2007

FILED
CLERK'S OFFICE

DOCKET NO. 1792

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

*IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION*

*Ron Vincent v. InPhonic, Inc.,* N.D. Alabama, C.A. No. 2:07-90

**CONDITIONAL TRANSFER ORDER (CTO-4)**

On October 25, 2006, the Panel transferred two civil actions to the United States District Court for the District of District of Columbia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2006). Since that time, seven additional actions have been transferred to the District of District of Columbia. With the consent of that court, all such actions have been assigned to the Honorable Ellen Segal Huvelle.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the District of District of Columbia and assigned to Judge Huvelle.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the District of District of Columbia for the reasons stated in the order of October 25, 2006, and, with the consent of that court, assigned to the Honorable Ellen Segal Huvelle.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of District of Columbia. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is pending at this time, the stay is lifted.

FEB 14 2007

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION