UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION | Misc. Action No. 06-0507 (ESH) MDL Docket No. 1792 |
| This Document Relates To: ALL CASES | |

## DEFENDANT CONTINENTAL PROMOTION GROUP INC.'S STATUS CONFERENCE STATEMENT

Defendant Continental Promotion Group Inc. ("CPG") does not disagree with the general chronology presented in plaintiffs' status conference statement on the history of this litigation in 2007. The parties put forth significant effort toward a settlement involving InPhonic which efforts were discontinued after the filing of a bankruptcy by InPhonic, Inc. ("InPhonic").

Plaintiffs' status conference statement indicates that plaintiffs are ready to proceed to discovery relating to class action certification and also intend to file a second amended consolidated class action complaint ("Second Amended Complaint") joining various officers or former officers of InPhonic.

Any discussions regarding discovery in this action with the magistrate or otherwise would be futile prior to the filing of a Second Amended Complaint, the retention of counsel by the individual parties, and some time for those new parties to initially investigate the factual background of the case and the legal claims asserted. Therefore, a further status conference with the magistrate to discuss the scope of discovery does not appear to be feasible at least until the late spring of 2008.

In addition, CPG will also want the opportunity to analyze the claims asserted in the Second Amended Complaint and their legal viability in the absence of InPhonic. This again is premature to discuss until the Second Amended Complaint is filed.

Finally, CPG strongly disagrees with plaintiffs' assertion that the automatic stay provisions under 11 U.S.C. § 362 "only" apply to the bankruptcy debtor and cannot apply to protect CPG. Plaintiffs' assertion is incorrect.

The plaintiffs accurately state the general rule concerning the automatic stay but they fail to mention the exception to the general rule. The exception is that the automatic stay can extend to non-debtor defendants if there is a written contractual indemnity agreement requiring the debtor to provide indemnity to the non-debtor defendants.

> However, an exception to this general rules does exist, and a bankruptcy court may invoke § 362 to stay proceedings against non-bankrupt co-defendants where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co.*, 788 F.2d at 999. This Court recognized the *A.H. Robbins Co.'s* exception in *Arnold*, but declined to extend it in that case because no claim of a formal tie or contractual indemnification had been made to create an indemnity of interests between the debtor and nondebtor.

*Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816 (5th Cir. 2003), quoting with approval *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), cert. denied, 479 U.S. 876 (1986). In *Robins*, the Court found that any suit against a non-debtor who is entitled to absolute indemnity by the debtor on any judgment rendered against the non-debtor is the proper subject for application or extension of the automatic stay. *A.H. Robins*, 788 F.2d at 999.

In the current case pending before this Court, there is an express contractual right to indemnification contained in the contract between InPhonic and CPG that requires InPhonic to

indemnify CPG.[1] This means that any judgment against CPG in this case would have a direct and adverse impact on the InPhonic bankruptcy estate. Therefore, the automatic stay applies, or can be extended to apply, to this case. *Id.*, and *see also Maxicare Health Plans, Inc., et al. vs. Centinela Mammoth Hospital, et al.*, 105 B.R. 937 (Bank. Central Dist. California 1989) (extended automatic stay to cover non-debtor defendants when non-debtor defendants have right of reimbursement or indemnification from debtor); *North Star Contracting Corp. v. McSpedon*, 125 B.R. 368, 370-71 (S.D.N.Y. 1991) (upheld extension of automatic stay to non-debtor defendant because the debtor owed indemnification to non-debtor defendant.)

CPG respectfully requests that this Court schedule this case for another status conference in 90 to 120 days to allow the filing of the proposed second amended class action complaint, the joinder of the additional parties, and further investigation of the effect of InPhonic's bankruptcy on the claims against CPG because of CPG's indemnification rights against InPhonic.

                                                      Respectfully submitted,

                                                      SHUMAKER, LOOP & KENDRICK, LLP

                                                      _____
                                                      C. Philip Campbell, Jr.
                                                      Florida Bar No. 160973
                                                      101 East Kennedy Blvd., Suite 2800 (33602)
                                                      P. O. Box 172609
                                                      Tampa, Florida 33672-0609
                                                      (813) 229-7600 / (813) 229-1660 (Fax)
                                                      pcampbell@slk-law.com
                                                      Attorneys for Continental Promotion Group, Inc.

---

[1] The contract is not attached to this response as it has been labeled a confidential document. However, Plaintiffs have a copy.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2008, the foregoing Defendant Continental Promotion Group Inc.'s Status Conference Statement was filed with the Court's electronic filing system, which provides service on all counsel of record for Defendant, and on Interim Co-Lead Counsel and Liaison Counsel for Plaintiffs for transmission by them to other Plaintiffs' counsel not registered on the Court's electronic filing system.

_____
C. Philip Campbell, Jr.