# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE is made this 6th day of August, 2009, by and between Edwin Davis, Paul Rock, Hongyi Yu, Barbara McGivney, Ryan Sutherland, Walter Cover, Melinda Roquemore, Luis Morales, Shelly Salzman, Jonathan Feldman, Joshua Pevnick, Stanley J. Heller, Iona Workman (who are collectively referred to herein as the "MDL Plaintiffs"), Nancy Everett, Barry Friedrich, Mandy Friedrich, Mary Kazmarck and Ron Vincent (who are collectively referred to herein as the "Non-MDL Plaintiffs" and who, with the MDL Plaintiffs, are collectively referred to herein as the "Plaintiffs") and Helgeson Enterprises, Inc. ("Helgeson"), Brian T. Westrick ("Westrick"), and David A. Steinberg ("Steinberg"). The Plaintiffs, Helgeson, Westrick and Steinberg are referred to herein jointly as the "Parties."

## WITNESSETH

WHEREAS, the MDL Plaintiffs have filed a Second Amended Class Action Complaint against, among others, Helgeson, Westrick, and Steinberg in the United States District Court for the District of Columbia styled In re Inphonic, Inc. Wireless Phone Rebate Litigation, Misc. Action No. 06-0507 (ESH), MDL Docket No. 1792 (the "MDL Litigation"); and

WHEREAS, the Non-MDL Plaintiffs have either at one time been plaintiffs in the MDL Litigation or other lawsuits alleging claims arising out of or relating to rebates offered by InPhonic, Inc. (collectively with the MDL Litigation, the "Rebate Litigation"); and

WHEREAS, the defendants in the Rebate Litigation have denied and continue to deny any and all allegations of wrongdoing made against them in the Rebate Litigation; and

EXHIBIT A

WHEREAS, in order to avoid the costs, burdens or distractions of litigation, the Parties desire to compromise and settle the MDL Litigation and all other Rebate Litigation in which the Plaintiffs have alleged or could have alleged claims arising out of or relating to rebates offered by InPhonic, Inc.;

NOW, THEREFORE, for and in consideration of the mutual promises, covenants, agreements and other undertakings set forth herein, the adequacy of which consideration is hereby acknowledged, the Parties agree as follows:

1. The MDL Plaintiffs will receive the total sum of Thirty Nine Thousand Dollars ($39,000.00) (the "Settlement Amount") in full satisfaction of all claims against Helgeson, Westrick, Steinberg, and any other person or entity who has been or who could have been named as a defendant at any time in the Rebate Litigation, including but not limited to InPhonic, Inc.; Continental Promotion Group, Inc.; Andrew B. Zeinfeld; Brian J. Curran, and George Z. Moratis. The $39,000 will be paid as follows: Seven Thousand Eight Hundred Dollars ($7,800.00) will be paid by or on behalf of Helgeson, and Thirty One Thousand Two Hundred Dollars ($31,200.00) will be paid by or on behalf of Westrick and Steinberg.

2. After the full execution of this Settlement Agreement and Release by all Plaintiffs, and delivery of this Agreement to all defendants, the Plaintiffs may file a petition in the MDL Litigation seeking payment of attorneys' fees and costs incurred in the MDL Litigation. Helgeson, Westrick and Steinberg may oppose that petition. The Plaintiffs agree that the petition shall not seek attorneys' fees and costs in excess of Nine Hundred and Fifty Thousand Dollars ($950,000.00), and they further agree that they and their counsel will not submit any pleading or other document, or make any argument, to the Court stating or suggesting in any way that they have incurred in excess of $950,000 in attorneys' fees and costs. The

Parties agree not to seek reconsideration of or appeal any decision by the Court concerning the award of attorneys' fees and costs (the "Fee Award"). The Fee Award shall be paid as follows: Twenty Percent (20%) of the Fee Award up to a maximum of One Hundred and Two Thousand and Two Hundred Dollars ($102,200.00), whichever is less, shall be paid by or on behalf of Helgeson; the remainder of the Fee Award shall be paid by or on behalf of Westrick and Steinberg. From the Fee Award, each Non-MDL Plaintiff shall receive Two Thousand Dollars ($2,000.00), to be distributed by the plaintiffs' counsel. In no event will Helgeson, Westrick, Steinberg or their respective insurers pay any attorneys' fees or costs to any Plaintiff in excess of the amount awarded by the Court pursuant to this paragraph. In no event shall any Plaintiff file a petition for attorneys' fees or costs in any court other than the petition set forth in this paragraph.

3. All amounts payable under this Agreement will be paid to the firm of Wilentz, Goldman & Spitzer, co-lead counsel for the MDL Plaintiffs, within twenty-one (21) days after receipt by counsel for Helgeson, Westrick and Steinberg of (a) the fully executed Settlement Agreement, (b) the Court's decision on the petition for attorneys fees and costs pursuant to paragraph 2 and (c) all required payment information, including taxpayer identification number, whichever is later; provided, however, that no payment will be made until the lawsuits identified in paragraph 4 have been dismissed. Plaintiffs will look solely to Wilentz, Goldman & Spitzer for the proper distribution of the Settlement Amount and the Fee Award among Plaintiffs and their attorneys.

4. The Plaintiffs shall promptly cause the following lawsuits to be dismissed with prejudice: Heller v. InPhonic, Inc., Civil Action No. 06-1577; Workman v. InPhonic, Inc., Civil Action No. 06-1647; Friedrich v. InPhonic, Inc., Civil Action No. 06-2022; Rock v. InPhonic, Inc., Civil Action No. 06-2024; Everett v. InPhonic, Inc., Civil Action No. 07-54, and Vincent v.

InPhonic, Inc., Civil Action No. 07-799 pending in the United States District Court for the District of Columbia.

5. Within ten (10) days of receipt of payment of the Settlement Amount and Fee Award, the Plaintiffs shall cause the following lawsuits to be dismissed with prejudice: the MDL Litigation and any other lawsuit filed by any of the Plaintiffs alleging claims arising out of or relating to rebates offered by InPhonic, Inc., including but not limited to the following lawsuits pending in the United States District Court for the District of Columbia: Davis v. InPhonic, Inc., Civil Action No. 06-528; Yu v. InPhonic, Inc., Civil Action No. 06-951; Salzman v. InPhonic, Inc., Civil Action No. 06-1266; Cover v. Continental Promotion Group, Inc., Civil Action No. 06-2017; Pevnick v. Continental Promotion Group, Inc., Civil Action No. 06-2018; Roquemore v. Continental Promotion Group, Inc., Civil Action No. 06-2019; Morales v. Continental Promotion Group, Inc., Civil Action No. 06-2020; Feldman v. Continental Promotion Group, Inc., Civil Action No. 06-2021, and Sutherland v. InPhonic, Inc., Civil Action No. 06-2023. Plaintiffs agree that, prior to dismissal, no appeal shall be filed in the Rebate Litigation. Upon dismissal of the MDL Litigation, Helgeson and its insurer will promptly file a motion in the case styled United National Insurance Company v. Helgeson Enterprises, Inc., Case No. 09-906-JRT-JJG, pending in the United States District Court for the District of Minnesota, asking the court to dismiss with prejudice the MDL Plaintiffs from that case.

6. If any of the Plaintiffs fail or refuse to execute this Agreement, if the litigation described in paragraph 4 and 5 is not dismissed with prejudice in the time specified, or if an appeal is filed, this Settlement Agreement is voidable at the discretion of Helgeson, Westrick or Steinberg, or any of their insurers, and any monies paid shall be returned to the payors within five (5) days after the defendant(s) or their insurer(s) give written notice to Wilentz, Goldman &

Spitzer that the settlement is void. Alternately, and without limitation, Helgeson, Westrick or Steinberg, at their discretion, may file a motion in the MDL Litigation to enforce the Agreement. The parties agree that the Court in the MDL Litigation shall retain jurisdiction to enforce the terms of this Agreement.

7. Effective on the date set forth above, and except as to such rights or claims as may be created by this Agreement, the Plaintiffs on behalf of themselves and their respective past, present and future spouses, heirs, estates, executors, creditors, assigns, and all past, present or future representatives, attorneys, or agents of all of the foregoing (the "Releasors") hereby irrevocably and unconditionally forever release, remise and discharge Helgeson, Westrick, Steinberg and any person or entity named at any time as a defendant in the Rebate Litigation (the "Defendants"), and the Defendants' respective past, present or future parent corporations, subsidiaries, affiliates, divisions, predecessors, successors, associates, representatives, owners, shareholders, spouses, heirs, estates, executors, creditors, liquidators, administrators, assigns, and all past, present or future officers, directors, employees, partners, principals, trustees, insurers, attorneys, or agents of all of the foregoing, and all persons acting by, through, under or in concert with them (the "Releasees") from any and all claims, demands, actions, causes of action, attorneys' fees, costs, expenses, interest, obligations, judgments, promises, liabilities, contracts, benefits and damages of any kind or nature, known or unknown, fixed or contingent, past, present or future, in law or equity, that the Releasors have, have had, or may have against the Releasees arising out of, relating to, in connection with, or in any way involving: (a) the MDL Litigation, including any and all actual or alleged acts, errors, omissions, or breaches of duty alleged or that could have been alleged in the MDL Litigation, (b) rebates offered by InPhonic, Inc., and (c) rebate processing services provided by Helgeson.

8. Notwithstanding any statute or provision of the common law which provides that a general release does not extend to claims which a releasor does not know or suspect to exist at the time of executing the release, the releases provided for in paragraph 7 shall be deemed to constitute full releases in accordance with their terms. Notwithstanding that this Agreement does not provide for the application of California law, the Parties each acknowledge that they have been informed of and are familiar with the provisions of California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs on behalf of themselves and the Releasors each knowingly, voluntarily and expressly waive, to the fullest extent permitted by law, any and all rights they may have under any statute or any common law principle, including Section 1542, that would limit the effect of the foregoing releases based upon their knowledge at the time they execute this Agreement. Each of the Parties acknowledges and agrees that this waiver is an essential and material term of this Agreement, and that, without such waiver, the Agreement would not have been entered into.

9. Nothing herein constitutes an admission of any alleged fact, violations of law, damages, liability or wrongdoing by any of the Parties, each of whom expressly denies liability or wrongdoing.

10. Neither the Parties nor their counsel shall publicly comment on the terms of this Agreement. If asked, the Parties shall only state that the MDL Litigation has been dismissed by agreement of the Parties. Nothing in this paragraph shall prohibit or restrict the Parties or their attorneys from making disclosures or communications to their officers, trustees, directors, insurers, attorneys, tax advisors, or accountants.

11. Except for the Fee Award described in paragraph 2, each Party shall bear all of its own attorneys' fees, costs and expenses in connection with any claim which has been made or could have been made in the Rebate Litigation, or in connection with the negotiation, execution and delivery of this Agreement.

12. The Plaintiffs each represent and warrant that they are the sole owners of all claims and causes of action that they are relinquishing by executing this Agreement.

13. This Agreement is made and executed by each of the Parties hereto with the advice of counsel. No Party has been coerced or induced to enter into this Agreement by any improper action by any other Party.

14. This Agreement shall be construed as if all Parties hereto had prepared it.

15. This Agreement represents the entire agreement of the Parties with respect to the subject matter hereof, and supersedes all prior oral or written agreements with respect to the matters provided for herein. This Agreement may not be amended except in a writing signed by all Parties hereto.

16. This Agreement may be executed in one or more counterparts. Execution by facsimile or by an electronically transmitted signature shall be fully and legally binding on the Parties.

WITNESS THE FOLLOWING SIGNATURES: