**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION | ) | Misc. Action No. 06-0507 (ESH) |
| This Document Relates To: | ) | MDL Docket No. 1792 |
| ALL CASES | ) | |

**DECLARATION OF KEVIN P. RODDY**

I, Kevin P. Roddy, declare:

1. I am an attorney licensed to practice in the State of New Jersey, the State of New York, the State of California and the Commonwealth of Virginia. I am duly admitted to appear before this Court in the above-captioned case. I am shareholder (partner) with the firm of Wilentz, Goldman & Spitzer, P.A., and my office is located in Woodbridge, New Jersey. In January 2007, I was appointed Interim Co-Lead Counsel for Plaintiffs. I submit this Declaration in support of Plaintiffs' Motion for Payment of Attorneys' Fees and Expenses. I have personal knowledge of the facts set forth herein and can competently testify to them if called as a witness.

2. My Firm, as Interim Co-Lead Counsel, participated in the prosecution of the cases that were coordinated and/or consolidated under the above-referenced caption.

3. Attached hereto as ***Exhibit 1*** is a true and correct summary of the hours spent on this litigation between May 2006 and September 2009 by the attorneys (partners and associates) and paralegals at my Firm, including the hours recorded and the applicable hourly rates. This Declaration provides a summary of those services divided by segment of the case, with the total time spent on each segment, to aid this Court in its review of Plaintiffs' Motion for Attorneys' Fees and Costs.

EXHIBIT
tabbies
B

4. Case development and research (11.4 hours):

During the Spring of 2006, my Firm worked with several other counsel in reviewing InPhonic's rebate practices and the harm caused to consumers to determine whether the suit was viable.

5. Coordinating filing initial complaints and participating in pre-MDL transfer hearing (13.2 hours):

During the Spring of 2006, my Firm reviewed, revised and coordinated the filing of the Class Action Complaints filed by Plaintiff Edwin Davis and other Plaintiffs. Prior to filing, we consulted with co-counsel on the facts of their cases to determine if these Plaintiffs would be adequate class representatives.

6. Case development and case management after filing initial complaints (120 hours):

During the Spring, Summer and Fall of 2006, my Firm coordinated with counsel for other Plaintiffs in the prosecution of these coordinated and consolidated cases. Our efforts included integrating information gathered pre-suit, assigning litigation responsibilities and coordinating litigation efforts.

7. Participating in discovery and scheduling conferences (84.3 hours):

During the Winter, Spring and Summer of 2007, my Firm participated in several conferences with Defendants' counsel on the scheduling, exchange of Rule 26 initial disclosures and preparation of joint status conference reports that were submitted to this Court. Prior to these Court-ordered status conferences, we spent significant time working with our Interim Co-Lead Counsel to develop a strategy on all issues, including areas of discovery and opposing Defendants' attempts to bifurcate class certification-related and merits discovery. We reviewed, revised and drafted all Rule 26 submissions to this Court.

8. Case management and strategy (99.7 hours):

Following centralization of these coordinated or consolidated cases before this Court, my Firm helped coordinate the prosecution of these cases, which involved numerous

Plaintiffs' counsel around the United States. We discussed and advised of strategy throughout the litigation on several issues that significantly impacted the prosecution of this class action, including Plaintiffs' civil RICO and consumer protection claims, the District of Columbia Attorney General's attempted settlement with InPhonic, the Federal Trade Commission's attempted settlement with InPhonic, and InPhonic's bankruptcy filing. These issues affected our pleading strategy, discovery strategy and settlement strategy. Our efforts required significant out-of-state travel between New Jersey and the District of Columbia.

9. <u>Participation in and coordination of MDL briefs (28 hours):</u>

During 2006, my Firm assisted in drafting response papers to Defendants' motion to transfer and consolidate after conducting a thorough review of the law and potential judges in available jurisdictions.

10. <u>Preparation and coordination of amended complaints (70.8 hours):</u>

My Firm researched and drafted significant portions of the First and Second Amended Complaints filed by Plaintiffs in 2007 and 2008. We were responsible for researching and drafting Plaintiffs' civil RICO claims and the RICO Case Statement that accompanied the amended complaints. In addition, following InPhonic's bankruptcy declaration in November 2007, we took the lead in researching the applicable case law regarding Plaintiffs' assertion of legal claims against the Individual Defendants and InPhonic's rebate service providers (Defendants CPG and Helgeson) and drafting the appropriate allegations stating their participation in the scheme to defraud Plaintiffs and consumers.

11. <u>Attendance at court hearings (56.7 hours):</u>

My Firm prepared for and participated in numerous appearances before this Court between January 2007 and September 2009, including status conferences and motion hearings. We were principally responsible for preparing and presenting arguments in response to Defendants' motions to dismiss. Each hearing required significant preparation and out-of-state travel between New Jersey and the District of Columbia.

12. Preparation of motions (136.3 hours):

My Firm researched, drafted, reviewed and revised significant portions of Plaintiffs' oppositions to Defendants' Rule 12(b)(6) motions to dismiss the First and Second Amended Complaints. Because Defendants' motions attacked every aspect of Plaintiffs' pleadings, our oppositions required thorough legal research and drafting.

13. Participation in settlement and mediation (187.7 hours):

As Interim Co-Lead Counsel for Plaintiffs, during 2007, 2008 and 2009 my Firm spent significant time planning and coordinating our mediation and settlement strategy with our co-counsel. We arranged and participated in numerous conference calls and drafted numerous correspondence communicating and finalizing our strategy. We attended and participated in each of the mediations and settlement meetings with defense counsel and mediation sessions with this Court and mediator Nancy Lesser. These efforts required numerous out-of-state trips between New Jersey and the District of Columbia.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed on September 30, 2009, at Woodbridge, New Jersey.

KEVIN P. RODDY
Interim Co-Lead Counsel for Plaintiffs