IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION | ) | Misc. Action No. 06-0507 (ESH) |
| This Document Relates To: | ) | MDL Docket No. 1792 |
| ALL CASES | ) | |

## DECLARATION OF STEVEN A. HART

I, Steven A. Hart, declare:

1. I am an attorney licensed to practice in the State of Illinois and duly admitted to appear before this court in the above-captioned case. I am a partner with the firm of Segal McCambridge Singer & Mahoney, Ltd., attorneys of record for plaintiffs Jonathan Feldman, Ryan Sutherland and Ron Vincent. I am making this declaration in support of Plaintiffs' Motion for Payment of Attorneys' Fees and Expenses. I have personal knowledge of the facts set forth herein and can competently testify to them if called as a witness.

2. My firm, on behalf of Jonathan Feldman, Ryan Sutherland and Ron Vincent, filed putative class action complaints consolidated under the caption IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION, MDL Docket No. 1792.

3. Attached as Exhibit 1 is a true and correct summary of the hours and fees spent on this litigation by the attorneys and paralegals at Segal McCambridge Singer & Mahoney, Ltd. This declaration provides a summary of those services divided by segment of the case, with the total time spent on each segment, to aid the Court in its review of Plaintiffs' Motion for Attorneys' Fees and Costs.

4. <u>Investigation and research prior to filing complaint (187.1):</u> My firm researched dozens of internet forums and blogs to identify the potential scope of the class and pervasiveness of consumer complaints. We then researched InPhonic's affiliated websites to determine how

EXHIBIT C

rebates were disclosed and then reviewed dozens of financial statements to understand InPhonic's business model and accounting of rebates to determine if it was unfairly benefiting from its deceptive business practices. This research supported the allegations that InPhonic was intentionally deceiving customers as to their rebate practices both before and after purchase; supported the allegations that the case is appropriate for class certification; and supported the class definition.

5. Preparation of initial complaints (18.6 hours): My firm drafted, revised and participated in the filing of three complaints – Jonathan Feldman, Ryan Sutherland and Ron Vincent. Prior to filing we consulted with our clients on the facts of their cases to determine if they were adequate class representatives.

6. Case development and case management after filing initial complaints (120 hours): My firm coordinated with counsel for other plaintiffs in the prosecution of this matter. Our efforts included integrating information gathered pre-suit, assigning litigation responsibilities and coordinating litigation efforts.

7. Preparation of motions and briefs in local jurisdiction (40.9): My firm briefed and argued a motion seeking a protective order to preserve documents, responded and argued against defendants' motion to set uniform deadlines, and responded and argued against defendants' motion to approve transfer of incoming correspondence.

8. Attorney communication (36.7 hours): My firm communicated regularly with defense counsel and counsel for plaintiffs throughout all stages of litigation via telephone, email and written correspondence.

9. Preparation of MDL briefs and local pre-transfer pleadings (104.2 hours): My firm researched state consumer protection statutes and case law and federal class action statutes and case law to determine the appropriate venue for coordinated pretrial proceedings. We further researched the criteria of each potential transferee jurisdiction to determine which venue to propose to the Judicial Panel on Multidistrict Litigation ("JPML") and participated in the drafting of the JPML briefs.

10. Participation in mandatory conferences and court appearances (187.4 hours): My firm prepared for and participated in almost all court hearings throughout the litigation, including the hearing before the JPML, which required significant travel. We also participated in all Rule 26 and scheduling conferences.

11. Preparation of post-transfer pleadings (146.46 hours): My firm participated in drafting the motion to appoint lead counsel in the initial joint case statement. After being assigned co-lead, we spent significant time researching the applicable law and drafting portions of the first and second amended complaints. We also drafted several joint status reports based on our participation in Rule 26 conferences with plaintiffs' co-lead counsel and defense counsel.

12. Preparation of and participation in discovery (56.3 hours): My firm reviewed documents provided by defendants InPhonic, Continental and Helgeson regarding their rebate process. We created a chart summarizing their rebate process and the terms and conditions of their respective rebate processing agreements. We also issued over 10 FOIA requests to state attorney generals seeking information regarding consumer complaints against InPhonic.

13. Development of consulting experts (29.14 hours): My firm was primarily responsible for interviewing and developing experts in the field of forensic accounting. We researched and contacted numerous several highly regarded accountants and eventually focused our efforts on John Garvey.

14. Participation in mediation and settlement negotiations (141.7 hours): As co-lead counsel, my firm spent significant time preparing materials and presentations for numerous rounds of settlement discussions and formal mediation. Our efforts required significant travel to Washington D.C. Our presentations included PowerPoint slides, exhibits demonstrating the fraudulent nature of InPhonic's rebate advertising and the coordinated efforts between defendants to defraud consumers during rebate processing.

15. Attached hereto as Exhibit "A" is a true and accurate summary of the fees and expenses incurred by Segal McCambridge Singer & Mahoney, Ltd. to prosecute this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 30th, 2009, at Chicago, Illinois.

Steven A. Hart
SEGAL McCAMBRIDGE SINGER &
MAHONEY, LTD.
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606
(312) 645-7800
*Co-Lead Counsel for Plaintiffs*