IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION | ) | Misc. Action No. 06-0507 (ESH) |
| This Document Relates To: | ) | MDL Docket No. 1792 |
| ALL CASES | ) | |

**AFFIDAVIT OF JOHN R. CLIMACO**
**IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FILED ON BEHALF OF CLIMACO, LEFKOWITZ, PECA, WILCOX & GAROFOLI CO., L.P.A.**

STATE OF OHIO )
) ss.:
COUNTY OF CUYAHOGA )

John R. Climaco, being first duly sworn, deposes and says:

1. I am the Founder and Chairman of the Board of the law firm of Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A. I am licensed to practice in the State of Ohio and numerous United States District Courts throughout the Country. I am duly authorized to appear before this Honorable Court in the above-captioned case. I submit this affidavit in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

EXHIBIT
D

2. My firm, along with attorneys Steven A. Hart and Kevin P. Roddy, filed punitive class actions which were consolidated under the caption *In Re Inphonic, Inc., Wireless Phone Rebate Litigation*, MDL Docket No. 1792. In January 2007, I was appointed, along with attorneys Kevin P. Roddy and Steven A. Hart, as Interim Co-Lead Counsel for plaintiffs. My firm, as Interim Co-Lead Counsel, participated in the prosecution of the putative class action complaint.

3. My firm, as Interim Co-Lead Counsel, participated in drafting the opposition to defendants' motion to dismiss, preparation of written discovery issued to third-parties, various research memoranda, and extensive mediation and settlement discussions. To aid this Honorable Court in the review of this Petition for Attorney.Fees and Expenses, the schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by each attorney and professional support staff of my firm who was involved in this litigation, and the lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4. The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted in other U.S. District Court litigation, including MDL proceedings.

5. As detailed in Exhibit 1, the total number of hours expended on this litigation by my firm is 585.70. The total lodestar for my firm is $284,949.00, consisting of $274,245.00 for attorneys' time and $10,704.00 for professional support staff time. My firm has also incurred a total of $31,627.99 in unreimbursed expenses in connection with the prosecution of this litigation.

6. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

8. In Spring 2006, my firm worked with other attorneys in reviewing Inphonic's rebate practices and the harm caused to consumers. My firm reviewed, revised and coordinated the filing of the Edwin Davis complaint. Prior to filing, we consulted with co-counsel on the facts of their cases to determine if our client would be an adequate class representative. My firm coordinated with counsel for other plaintiffs in the prosecution of this matter. My firm assisted in the coordination of the prosecution of these cases which involved numerous plaintiffs' counsel around the country. We discussed and advised concerning strategy throughout the litigation on several issues that significantly impacted the prosecution of this class action, including the RICO allegations, the D.C. Attorney General settlement with Inphonic, and Inphonic's bankruptcy. These issues affected our pleading, discovery, mediation and settlement strategy. Our efforts included investigating and integrating information gathered pre-litigation, including responsibilities and coordinating litigation efforts. My firm participated in numerous

conferences with defense counsel on the scheduling, initial disclosures and joint status reports. Prior to these conferences, we spent significant time working with our Interim-Co-Lead Counsel to develop a strategy concerning all issues, including areas of discovery and defendants' attempt to bifurcate class and merit discovery. We assisted in the review, editing, revising and drafting all Rule 26 submissions to the court. My firm prepared significant portions of the first and second amended complaints. We assisted in researching and drafting the RICO statement and supporting case law. We researched the law regarding suing the individual defendants and drafting the appropriate allegations stating their participation in the fraud. My firm prepared for and participated in numerous court appearances before this Honorable Court between January 2007 and April 2009, including status conferences and motion hearings. We participated in preparing and presenting arguments in response to defendants' motion to dismiss. Each hearing required significant preparation. As Interim Co-Lead Counsel, my firm spent significant time planning and coordinating our strategy. We attended all settlement meetings with defense counsel and mediation sessions with the court and the Mediator Nancy Lesser. We helped coordinate and facilitate continued discussions with defense counsel post-mediation through Nancy Lesser. Our efforts required significant out-of-state travel.

JOHN R. CLIMACO

SWORN TO BEFORE ME this 30th day of September, 2009.

Notary Public

DONNA M. CYDZIK
Notary Public, State of Ohio
My Commission Expires April 15, 2013